```
                    UNITED STATES DISTRICT COURT
               FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL LEONARD,                  : CIVIL NO: 1:09-CV-00666
                                  :
          Plaintiff               :
                                  : (Judge Conner)
     v.                           :
                                  : (Magistrate Judge Smyser)
CATHERINE C. MCVEY, et. al.,      :
                                  :
          Defendants              :
```

**REPORT AND RECOMMENDATION**


    The plaintiff, a state prisoner proceeding *pro se*, commenced this 42 U.S.C. § 1983 action by filing a complaint on April 13, 2009. The plaintiff also filed an application to proceed *in forma pauperis*.


    By an Order dated June 9, 2009, we granted the plaintiff's application to proceed *in forma pauperis* and we reviewed the complaint pursuant to 28 U.S.C. § 1915A as follows:

> The plaintiff names as defendants eight members of the Pennsylvania Board of Probation and Parole (Board), all John and Jane Doe members of the Board who denied him parole, six officials and employees of the Pennsylvania Department of Corrections (DOC), all John and Jane Does from the DOC who denied him parole, a Judge of the Court of Common

Pleas of Columbia County, Pennsylvania, an Assistant District Attorney of Columbia County, Pennsylvania, an attorney from Shamokin, Pennsylvania, the Attorney General of Pennsylvania and all John and Jane Doe Deputy Pennsylvania Attorney Generals who come to represent the other defendants in this case.

Although lengthy, the allegations of the complaint are not clear. The plaintiff alleges that the 1968 Constitution of Pennsylvania does not contain a criminal code or a savings clause and, therefore, the trial court did not have jurisdiction to sentence him and the DOC and Board defendants do not have jurisdiction to hold him in custody. The plaintiff alleges that the DOC is retaliating against him because of his legal action by moving him from one prison to another. The plaintiff also makes allegations regarding the gold standard, the purported bankruptcy of the United States, military courts and admiralty and maritime jurisdiction. The plaintiff is seeking compensatory and punitive damages.

This is a 42 U.S.C. § 1983 action. "Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." *Shuman v. Penn Manor School Dist.*, 422 F.3d 141, 146 (3d Cir. 2005). Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right." *Id.* "To state a claim under § 1983, a plaintiff 'must allege both a deprivation of a federally protected right and that this deprivation was committed by one acting under color of state law.'" *Woloszyn v. County of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005)(quoting *Lake v. Arnold*, 112 F.3d 682, 689 (3d Cir. 1997)).

2

The complaint fails to state a 42 U.S.C. § 1983 claim upon which relief may be granted.

The plaintiff's claims regarding the Pennsylvania Constitution and the lack of jurisdiction of the trial court to convict him and of the DOC and Board to imprison him are frivolous. *See Shaw v. Wynder*, Civil Action No. 08-1863, 2008 WL 3887642 at *3-4 (E.D.Pa. Aug. 21, 2008)(concluding that 1968 Pennsylvania Constitution contains no provision manifesting an intent to abrogate all pre-existing laws and that claim of wrongful prosecution under a criminal statute which was purportedly repealed by 1968 Constitution is frivolous).

The plaintiff's claims regarding the gold standard, the purported bankruptcy of the United States, military courts and admiralty and maritime jurisdiction are also frivolous.

The plaintiff alleges that the DOC is retaliating against him because of his legal action by moving him from one prison to another.

A prisoner claiming that prison officials have retaliated against him for exercising his constitutional rights must prove that: 1) the conduct in which he was engaged was constitutionally protected; 2) he suffered "adverse action" at the hands of prison officials; and 3) his constitutionally protected conduct was a substantial or motivating factor in the decision of the defendants. *Carter v. McGrady,* 292 F.3d 152, 158 (3d Cir. 2002). "Once a prisoner has made his *prima facie* case, the burden shifts to the defendant to prove by a preponderance of the evidence that it 'would have made the same decision absent the protected conduct for reasons reasonably related to penological

3

interest.'" *Id.* (quoting *Rauser v. Horn*, 241 F.3d 330, 334 (3rd Cir. 2001)).

Although the plaintiff claims retaliation, he mentions only the DOC in connection with this claim. Such a claim against the DOC is barred by the Eleventh Amendment.

The Eleventh Amendment provides:

The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

Although its text appears to restrict only the Article III diversity jurisdiction of the federal courts, the Eleventh Amendment has been interpreted "to stand not so much for what it says, but for the presupposition . . . which it confirms." *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996)(quoting *Blatchford v. Native Village of Noatak*, 501 U.S. 775, 779 (1991)). That presupposition is that each state is a sovereign entity in our federal system and that it is inherent in the nature of sovereignty that a sovereign is not amenable to suit unless it consents. *Id.* Thus, "the Constitution does not provide for federal jurisdiction over suits against nonconsenting States." *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 73 (2000).

In the absence of consent, a suit in federal court against the state or one of its agencies is barred by the Eleventh Amendment. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978)(per curiam). However, a state may waive its Eleventh Amendment immunity by consenting to

4

suit and Congress may abrogate States' Eleventh Amendment immunity when it unequivocally intends to do so and it acts pursuant to a valid grant of constitutional authority. *College Savings Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.,* 527 U.S. 666, 670 (1999).

The DOC is a state agency. *See* 71 P.S. § 61. The Commonwealth of Pennsylvania has not waived its Eleventh Amendment immunity, *see* 42 P.C.S.A. § 8521(b), and 42 U.S.C. § 1983 does not override a state's Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332 (1979). Accordingly, the plaintiff's claims against the DOC are barred by the Eleventh Amendment.

The court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3rd Cir. 2002). In the instant case, we will grant the plaintiff leave to file an amended complaint to properly plead, if appropriate, a retaliation claim against individual defendants upon which relief may be granted.

We note for the plaintiff's benefit that "[l]iability may not be imposed under § 1983 on the principle of *respondeat superior*." *Hetzel v. Swartz*, 909 F.Supp. 261, 264 (M.D. Pa. 1995). Liability under 42 U.S.C. § 1983 may only be based upon a defendant's personal involvement in conduct amounting to a constitutional violation. *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1082 (3d Cir. 1976). The complaint must contain averments of the involvement of the defendants in the conduct which caused a violation of the plaintiff's constitutional rights. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). A 42 U.S.C. § 1983 action against state supervisory officials

5

> requires allegations that the defendants
> actually participated in or had actual
> knowledge of and acquiesced in the events
> forming the basis of the claims. *Egan v.
> Concini*, 585 F. Supp. 801, 804 (M.D. Pa.
> 1984).

*Doc. 9* at 2-8 (footnote omitted).

The Order of June 9, 2009 provided that the plaintiff may file an amended complaint on or before July 9, 2009 and that, if the plaintiff fails to file an amended complaint, we will recommend that this case be dismissed. The plaintiff requested and received extensions of time until October 13, 2009 to file an amended complaint. Nevertheless, the plaintiff has not filed an amended complaint.[1]

---

1. We note that on June 29, 2009, the plaintiff filed an "objection" to the Order of June 9, 2009. The plaintiff's objection is meritless. Of course, if the district court judge construes the objection as an appeal pursuant to Local Rule 72.2, we leave it to the district court judge to decide the merit of such an appeal.

Given that the complaint fails to state a claim upon which relief may be granted, it is recommended that the complaint be dismissed and that the case file be closed.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated: October 28, 2009.